BEA, Circuit Judge,
concurring in part and dissenting in part:
I respectfully dissent from the majority’s remand to the BIA.[1]
As a initial matter, Rani has waived the purported “claim” on which the majority remands. The majority concludes that the BIA erred “in failing to address Rani’s argument that she herself had suffered past persecution, which would have entitled her to a presumption of a well-founded fear of future persecution.” Maj. at 498. But Rani herself never argued before this court that the BIA erred when it failed to address past persecution — not in her opening brief, not in her reply brief, and not at oral argument. We review only issues which are “argued specifically and distinctly in a party’s opening brief.” Greenwood v. FAA 28 F.3d 971, 977 (9th Cir.1994). Rani did not raise the BIA’s purported failure to address a past persecution claim in her opening brief. Indeed, she failed to raise the issue to this court at all. I cannot concur in the majority’s decision to remand this case on the basis of an argument which it invents for Rani, which the government never had an opportunity to address.[2]
Moreover, I do not think the BIA erred. Rani’s brief before the BIA mentioned past persecution only in support of her contention that she had a well-founded fear of future persecution were she to return to Fiji.[3] As the majority notes, the only mention of past persecution in Rani’s brief to the BIA was in the following passage: “through both her past persecution and her likelihood of future persecution in Fiji, Ms. Rani has established a well-founded fear of future persecution” (emphasis added). In response to this argument, the BIA held: “respondent has not established a well-founded fear of future persecution.” Clearly, on its way to rejecting Rani’s contention that she had a well-founded fear of future persecution, the BIA also rejected the twin bases for *500 that contention: 1) that Rani had suffered past persecution, and 2) that Rani had established a likelihood of future persecution in Fiji.
True, the BIA might have published an opinion with an extensive discussion of the various reasons Rani’s past persecution claim failed. But why would it? Rani’s brief to the BIA contained neither analysis nor citation to legal authority in support of her brief contention that she had experienced past persecution. Instead, Rani raised a past persecution claim to the BIA only through a throwaway line in her brief, unmoored from any discussion of law or facts. The BIA thus had no reason further to discuss or analyze her claim.
In short, the majority — in its zeal to grant Rani’s petition — looks past the issues which were briefed in this court, and conducts a de novo review of the administrative record. The majority then seizes upon a single line in Rani’s brief to the BIA, faults the BIA for not adequately addressing that line, and remands to the BIA so that it may do so. Of course, on remand, the BIA will almost certainly find — for the second time — that Rani has not established past persecution, and therefore is not entitled to a presumption of a well-founded fear of future persecution. This determination will come as no surprise to anyone — least of all Rani, who did not bother seriously to raise a past persecution claim before the BIA, and abandoned such a claim entirely before this court. I cannot concur in the majority’s decision needlessly to protract these proceedings.
For the foregoing reasons, I respectfully dissent.

. I concur in the majority’s denial of Rani’s CAT claim, and in its determination that substantial evidence supports the BIA’s determination that Rani has not established a "pattern and practice” of persecution against Indo-Fijians in Fiji.

. The majority constructs a claim for Rani based upon 1) the facts alleged in her brief (although, notably, Rani never tied those facts to a claim of past persecution) and, 2) her formulaic recitation of the standard for establishing a well-founded fear of future persecution. See Maj. Op. at 498 n. 1. But not once in Rani’s opening brief did Rani "specifically and distinctly” argue that she had actually been subject to past persecution, much less that the BIA erred by failing to address a past persecution claim. Compare Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir.1994) (this court reviews only issues raised "specifically and distinctly” in a party’s opening brief).

.As the majority correctly notes, a finding of past persecution would have entitled Rani to a presumption of a well-founded fear of future persecution, and shifted the burden of proof to the government to rebut that presumption. Maj. Op. at 3.